UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GLORIA ROSELL,<br><br>　　　　　　　Plaintiff,<br>v.<br>AO VENTURES, LLC,<br><br>　　　　　　　Defendant. | Case No. 2:16-cv-02731-JCM-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(IFP Application – ECF No. 1) |

　　　　This matter is before the court on Plaintiff Gloria Rosell's Application to Proceed *In Forma Pauperis* (ECF No. 1). This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

**I.　　IN FORMA PAUPERIS APPLICATION**

　　　　Plaintiff is proceeding in this action *pro se*, which means that she is not represented by an attorney. *See* LSR 2-1. She has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fees, and submitted a complaint. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a filing fee and administrative fee totaling $400 is required to commence a civil action in a federal district court. The court may authorize a person to commence an action without the prepayment of fees and costs if the person files an IFP application including an affidavit stating that he or she is unable to pay the initial fees. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. The standard for IFP eligibility requires that an applicant be "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" is left to the court's discretion, based upon the information a plaintiff submits. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

/ / /

1  The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be absolutely destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself "with the necessities of life." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993) (quoting *Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 339 (1948)). However, the court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases). As such, the affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted).

Here, Plaintiff has submitted the affidavit required by § 1915(a). The affidavit states that she receives wage income of $1,000 per week and has $800 in cash or in a bank account before deduction of her rent and utilities of $800 and $300 per month respectively. She reports monthly spending of $350 for her car, $150 for insurance, and $2,000 as a loan payment on the money that is the subject of this action. She has not listed what he spends for groceries or other incidentals. Although Plaintiff's income appears adequate to meet her expenses, her failure to account for food and reported monthly expense indicate she lacks sufficient resources to pay the filing fee.

However, having reviewed his complaint, the court will recommend denial of her IFP application based on a lack of subject matter jurisdiction over her claim. A "district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)).

II.  **SCREENING THE COMPLAINT**

Federal courts must screen all IFP complaints prior to a responsive pleading pursuant to § 1915(e). *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to

1  "all in forma pauperis complaints"). If the complaint states a valid claim for relief, the court will
2  direct the Clerk of the Court to issue summons to the defendant(s) and the plaintiff must then serve
3  the summons and complaint within 90 days. *See* Fed. R. Civ. P. 4(m). When a court dismisses a
4  complaint pursuant to § 1915(e), a plaintiff is ordinarily given leave to amend with directions as
5  to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could
6  not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

7  Allegations in a *pro se* complaint are held to less stringent standards than formal pleading
8  drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338,
9  342 n.7 (9th Cir. 2010). However, *pro se* litigants "should not be treated more favorably than
10 parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather,
11 they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46
12 F.3d 52, 54 (9th Cir. 1995).

### A. Plaintiff's Factual Allegations and Claims for Relief

The proposed complaint (ECF No. 1-1) is a one-page document naming AO Ventures, LLC as a defendant and demanding $19,000 as damages for obtaining money through false pretenses. The complaint does not summarize the information she believes to be relevant as part of the supporting facts for her claim. Rather, Plaintiff filed multiple exhibits under seal with her complaint, including a voluntary police statement and case report, a bank receipt, and emails. *See* Sealed Exhibits (ECF No. 1-2).

The police report documents Plaintiff's allegation that she was the victim of a fraud scheme. In November 2016, she met a man on Match.com who led her to believe he needed money to help a military member working in Afghanistan. Rosell subsequently sent a money gram for $1,076.10 and deposited $15,000 cash into a Bank of America account for AO Ventures. The documents indicate Plaintiff pursued criminal charges for obtaining money through false pretenses in violation of NRS 205.380 as a possible offense.

### B. Jurisdictional Defects

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A court's jurisdiction to resolve a case on its merits requires a showing

that the plaintiff has both subject matter and personal jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Subject matter jurisdiction gives a court jurisdiction over the *type of case* that a plaintiff brings. There are two kinds of subject matter jurisdiction: (a) federal question, giving the district court original jurisdiction over all "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; and (a) diversity of citizenship, giving the district court original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds $75,000, 28 U.S.C. § 1332. Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Ms. Rosell's complaint does not allege any grounds for this court's subject matter jurisdiction. The civil cover sheet (ECF No. 1-3) filed with the complaint indicates that the basis of jurisdiction is a federal question, cites 18 U.S.C. § 1343, and describes her cause as obtaining money through fraudulent and false pretenses. Wire fraud is a federal crime prohibited by 18 U.S.C. § 1343. However, as a general rule, there is no private right of action under Title 18 of the United States Code. This means a private individual may not ordinarily sue someone for violation of a criminal statute. *See Dyson v. Utigard*, 163 F.3d 607, 607 (9th Cir. 1998); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no basis for civil liability under Title 18). In plain English, this means that a plaintiff may not sue defendants for violation of the wire fraud statute.

To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties, and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010). A party asserting diversity jurisdiction must allege that the amount is controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C.

/ / /

§ 1332(a). The amount in controversy is determined by the amount at stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005).

A district court lacks jurisdiction where it appears to a legal certainty that the amount of money at stake is less than $75,000. *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986); *see also Gibbons v. Ferguson*, 599 F. App'x 786, 787 (9th Cir. 2015) (affirming the district court's dismissal of complaint and denial of IFP application where it lacked subject matter jurisdiction over plaintiff's claims because he failed to show that he exhausted his administrative remedies before filing the action); *McGee v. Dep't of Child Support Servs.*, 584 F. App'x 638 (9th Cir. 2014) (affirming the district court's dismissal of complaint and denial of IFP application where it lacked subject matter jurisdiction over plaintiff's claims because he failed to show a complete diversity of citizenship) (citing *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." (citation and internal quotation marks omitted)).

Ms. Rosell has not alleged that the amount in controversy exceeds $75,000 or that she and AO Ventures have a complete diversity of citizenship. In fact, the proposed complaint and supporting documents indicate that Plaintiff was defrauded of approximately $16,000 and the amount of her demand is $19,000. *See* Compl. (ECF No. 1-1). The supporting documents indicate that Plaintiff suffered a combined loss of $16,076.10. *See* Sealed Exhibits (ECF No. 1-2). At most, the amount of money at stake in the litigation is $19,000. The amount in controversy falls far short of the required $75,000. Because it appears to a legal certainty that Plaintiff cannot establish the minimum amount required for diversity jurisdiction, the court recommends that the IFP application be denied.

Based on the foregoing,

**IT IS RECOMMENDED** that:

1. Plaintiff Gloria Rosell's Application to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED**.
2. The Complaint (ECF No. 1-1) be **DISSMISSED without prejudice**.

///

3. The Clerk of the Court be instructed to close this case and enter judgment accordingly.

Dated this 15th day of March, 2017.

                                                PEGGY A. LEEN
                                                UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.